# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH EATON,<br><br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH HEALTH SYSTEMS, INC. D/B/A COMMONWEALTH HEALTH SYSTEMS D/B/A WILKES-BARRE GENERAL HOSPITAL, LLC. D/B/A WILKES-BARRE GENERAL HOSPITAL,<br><br>    Defendant. | Civil Action No. _____<br><br><br>**NOTICE OF REMOVAL** |

Defendant Wilkes-Barre Hospital Company, LLC, incorrectly named in the Complaint as "Commonwealth Health Systems, Inc. d/b/a Commonwealth Health Systems d/b/a Wilkes-Barre General Hospital, LLC. d/b/a Wilkes-Barre General Hospital" ("Defendant" or the "Hospital"), by and through its counsel, and in accordance with 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this Notice of Removal and removes the action entitled *Ruth Eaton v. Commonwealth Health Systems, Inc., et al.*, which was originally filed in the Court of Common Pleas of Luzerne County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania, based upon the following:

1

20676182v3

## I. BACKGROUND

1. Plaintiff Ruth Eaton ("Eaton") instituted this action in the Court of Common Pleas of Luzerne County on August 3, 2020 under the caption *Ruth Eaton v. Commonwealth Health Systems, Inc., et al.*, and the Docket Number 2020-06725 (the "State Court Action"). True and correct copies of Eaton's Summons and Complaint are attached hereto as **Exhibit A** ("Compl.").

2. Eaton's Complaint in the State Court Action asserts claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 to 219. Compl. at ¶¶ 3, 9-15. All claims arise out of Eaton's employment with the Hospital. *Id.* at ¶¶ 1, 4, 9-14.

3. Beyond the Complaint, the docket in the State Court Action consists of Eaton's Civil Cover Sheet and the Luzerne County Sheriff's Return of Service. True and correct copies of these documents are attached hereto as **Exhibit B**.

## II. TIMELINESS OF REMOVAL

4. The Hospital first received notice of the Complaint filed in the State Court Action on August 4, 2020, when Eaton served the Complaint. *Id.* at 2.

5. Consistent with 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed on September 3, 2020, within thirty days after the Hospital first received notice of the Complaint.

20676182v3

**III.    VENUE**

6. Since the Court of Common Pleas of Luzerne County is within this Court's District, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

**IV.    REMOVAL IS PROPER BASED ON FEDERAL-QUESTION JURISDICTION**

7. This action is within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 because Eaton's cause of action arises under a federal statute—the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 to 219. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal quotation marks omitted) ("a suit arises under the law that creates the cause of action"); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). The FLSA specifically vests federal courts with jurisdiction over FLSA litigation. 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in [this Act] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.").

8. In particular, Eaton alleges that the Hospital retaliated against her in violation of the FLSA. *Compare* Compl. at ¶¶ 9-15 *with Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) ("The District Court had subject matter

3

jurisdiction over the Plaintiffs' FLSA claims under 28 U.S.C. § 1331."); *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 124 (3d Cir. 2018); *Mazzarella v. Fast Rig Support, LLC*, 823 F.3d 786, 790 n.4 (3d Cir. 2016) ("The District Court had jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331[.]"); *Jochim v. Jean Madeline Educ. Ctr. of Cosmetology, Inc.*, 98 F. Supp. 3d 750, 752 (E.D. Pa. 2015) ("We have jurisdiction over [Plaintiff]'s FLSA claim pursuant to 28 U.S.C. § 1331[.]").

9. For these reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

## V. **COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

10. In compliance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" the Hospital is attached hereto. *See* Ex. A.

11. In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, the Hospital will give written notice thereof to Eaton.

12. In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, the Hospital will file a copy of this Notice with the Clerk of the Court of Common Pleas of Luzerne County, Pennsylvania.

13. The Hospital consents to and files this Notice without waiving any defenses to the claims asserted by Eaton, without conceding that Eaton has stated

claims upon which relief may be granted, and without conceding that Eaton is entitled to any damages whatsoever.

**WHEREFORE**, the Hospital respectfully requests that the United States District Court for the Middle District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Luzerne County, Pennsylvania and direct that the Court of Common Pleas have no further jurisdiction over this matter unless and until this case is remanded.

Respectfully submitted,

**POST & SCHELL, P.C.**

Dated: September 3, 2020

By: /s/ Sidney R. Steinberg
Sidney R. Steinberg, Esquire
ssteinberg@postschell.com
Daniel F. Thornton, Esquire
dthornton@postschell.com
Four Penn Center
1600 John F. Kennedy Blvd, 14th Fl
Philadelphia, PA 19103
215-587-1000

*Counsel for Defendant
Wilkes-Barre Hospital Company, LLC*

20676182v3

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2020, I caused the foregoing Notice of Removal and Corporate Disclosure Statement to be electronically filed with the Court and to be served upon the following persons via electronic filing and electronic mail:

Cynthia L. Pollick
pollick@lawyer.com
The Employment Law Firm
363 Laurel Street
Pittston, PA 18640
570-654-9675

*Counsel for Plaintiff*

**POST & SCHELL, P.C.**

Dated: September 3, 2020          By:   /s/ Sidney R. Steinberg
Sidney R. Steinberg, Esquire
ssteinberg@postschell.com
Daniel F. Thornton, Esquire
dthornton@postschell.com
Four Penn Center
1600 John F. Kennedy Blvd, 14th Fl
Philadelphia, PA 19103
215-587-1000

*Counsel for Defendant
Wilkes-Barre Hospital Company, LLC*