IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUTH EATON,** | : | CIVIL ACTION NO. 3:20-CV-1596 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH HEALTH SYSTEMS, INC., d/b/a COMMONWEALTH HEALTH SYSTEMS, d/b/a WILKES-BARRE GENERAL HOSPITAL, LLC, d/b/a WILKES-BARRE GENERAL HOSPITAL,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Ruth Eaton brings a claim of retaliation against her former employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*. Defendant Wilkes-Barre Hospital Company, LLC ("Wilkes-Barre Hospital" or "the Hospital"),[1] moves to dismiss Eaton's claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). We will deny Wilkes-Barre Hospital's motion.

I. **Factual Background & Procedural History**

Eaton began working as a case manager for Wilkes-Barre Hospital in 2006. (See Doc. 2 ¶ 1). Around March 30, 2020, Eaton "filed a grievance reporting a

---

[1] The complaint names the following entity as Eaton's employer: Commonwealth Health Systems, Inc. d/b/a Commonwealth Health Systems d/b/a Wilkes-Barre General Hospital, LLC d/b/a Wilkes-Barre General Hospital. (See Doc. 2 ¶ 2). Defendant's notice of removal avers that it was incorrectly named in the complaint and refers to itself as "Wilkes-Barre Hospital Company, LLC." (See Doc. 1 at 1).

violation of the Fair Labor Standards Act." (See id. ¶ 9). The grievance alleges a violation of "Article 15/FLSA" and states

> Due to low census, salaried case managers are being mandated to take time off using their vacation and/or personal days for same. This is in violation of the law under the Fair Labor Standards Act, which requires: "An exempt employee must be paid a salary which is a fixed amount that can't be changed because of variations in the amount or quality of the work performed[.]" There is work available in other areas which is being assigned to hourly employees.[2]

(See id., Ex. A).

According to the complaint, Eaton "was informed" on April 14, 2020, that her FLSA grievance "was substantiated" and she would receive the benefits due to her. (See id. ¶ 10).[3] That same day, Wilkes-Barre Hospital informed Eaton she would be permanently laid off on April 28, 2020. (See id. ¶ 11). The Hospital further informed Eaton she would not be recalled, even though it was required to recall her under

---

[2] Eaton attached her grievance as an exhibit to the complaint. (See Doc. 2, Ex. A). Eaton's grievance appears to paraphrase an FLSA regulation on salaried employees:

> An employee will be considered to be paid on a "salary basis" within the meaning of this part if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

See 29 C.F.R. § 541.602(a). The following section describes instances when an employer may "lose the exemption" if it makes "improper deductions" from employees' salaries. See id. § 541.603(a).

[3] The complaint does not specify the source of this information.

2

the terms of her collective bargaining agreement ("CBA"). (See id. ¶¶ 12-14). Eaton alleges that she suffered "lost wages of approximately $65,000 per year and medical, dental, and vision benefits." (See id. ¶ 15).

Eaton filed the instant complaint in August 2020 in the Court of Common Pleas of Luzerne County, and Wilkes-Barre Hospital timely removed the action. Eaton's complaint alleges one count of retaliation under the FLSA. Wilkes-Barre Hospital filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6). This motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

3

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. Discussion

The FLSA prohibits "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The statute contains an antiretaliation provision making it unlawful "to discharge or in any other manner discriminate against any employee" because the employee has filed a FLSA complaint. See 29 U.S.C. § 215(a)(3). This provision seeks to prevent

4

employer retribution against workers who report FLSA violations.  See Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 12 (2011).

Wilkes-Barre Hospital raises three arguments in support of dismissal.  It raises two threshold arguments, contending that Eaton's FLSA retaliation claim is not properly exhausted and is subject to Garmon preemption, in addition to challenging the claim on its merits.  We address these arguments *seriatim*.

### A. **Exhaustion and Preemption**[4]

The FLSA does not require administrative exhaustion and instead allows employees to file suit "'in any Federal or State court of competent jurisdiction.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) (quoting 29 U.S.C. § 216(b)).  The Third Circuit Court of Appeals recognizes a "narrow" exception to this rule, see Jones v. Does 1-10, 857 F.3d 508, 512 (3d Cir. 2017), for FLSA claims which "depend[] on the disputed interpretation of a CBA provision," see Bell v. SEPTA, 733 F.3d 490, 494 (3d Cir. 2013).  For such claims, an employee must exhaust her administrative remedies through arbitration under the National Labor

---

[4] Wilkes-Barre Hospital mischaracterizes part of its motion under Rule 12(b)(1), which is the proper vehicle for raising challenges to our subject matter jurisdiction for, *inter alia*, lack of Article III standing.  See Zimmermann v. U.S. NLRB, 749 F. App'x 148, 149 (3d Cir. 2019) (nonprecedential).  Defenses based on failure to exhaust administrative remedies are "'in the nature of statutes of limitation' and 'do[] not affect the District Court's subject matter jurisdiction.'" Anjelino v. N.Y. Times Co., 200 F.3d 73, 87 (3d Cir. 1999).  Our court of appeals has cautioned against conflating merits issues with jurisdictional ones.  See Davis v. Wells Fargo, 824 F.3d 333, 348 (3d Cir. 2016); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997).  Accordingly, we find that Wilkes-Barre Hospital's arguments are appropriately treated under Rule 12(b)(6) and not Rule 12(b)(1).

5

Relations Act ("NLRA"), 29 U.S.C. §§ 151-169, as amended by the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141-197, before filing suit in federal court. See Bell, 733 F.3d at 494. However, if the employee's FLSA claim does not require CBA interpretation, arbitration is not required. See Jones, 857 F.3d at 512 (citing Bell, 733 F.3d at 491).

Wilkes-Barre Hospital contends that the court lacks jurisdiction because Eaton has not arbitrated her claim, and is required to do so by the LMRA. (See Doc. 6 at 5-9). This argument overreads Eaton's complaint. Eaton does not seek to litigate a contractual right under the CBA or pursue the merits of her underlying FLSA grievance—she alleges only that she was permanently laid off in retaliation for filing that grievance. (See Doc. 2 ¶¶ 9-11). The CBA's existence, and Eaton's passing reference to it in her complaint, do not *ipso facto* convert Eaton's claim into a dispute that must be arbitrated under the LMRA. As our court of appeals recently noted, the arbitration requirement on which the Hospital bases much of its argument is a "narrow" one, and has been applied to dismiss an FLSA claim "in only one case." See Jones, 857 F.3d at 512 (citing Vadino v. A. Valey Eng'rs, 903 F.2d 253, 266 (3d Cir. 1990)). The Hospital fails to explain exactly how Eaton's FLSA retaliation claim—which is based solely on her participation in statutorily protected activity—is dependent upon a disputed interpretation of the CBA.

Furthermore, dismissing Eaton's claim on this ground would also contravene the United States Supreme Court's pronouncement on the different policies underlying the FLSA and the LMRA:

> In contrast to the Labor Management Relations Act, which was designed to minimize industrial strife and to improve working conditions by encouraging employees to promote their interests *collectively*, the FLSA was designed to give specific minimum protections to *individual* workers . . . [the FLSA] grants individual employees broad access to the courts.

Barrentine, 450 U.S. at 739-40. Eaton seeks to vindicate her *individual* right to alert her employer of potential FLSA violations without fear of retaliation. She is therefore relying "solely on [her] statutory, rather than [her] contractual, rights to recovery." See Bell, 733 F.3d at 496. Eaton's FLSA retaliation claim does not depend on a disputed provision of the CBA and does not require arbitration.

The Hospital alternatively maintains that Eaton's claim is subject to Garmon preemption. (See Doc. 6 at 10 (citing San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959))). This line of precedent preempts "state regulations and causes of action . . . if they concern conduct that is actually or arguably either prohibited or protected by the [NLRA]." See Belknap, Inc. v. Hale, 463 U.S. 491, 498 (1983). The doctrine confers exclusive jurisdiction on the National Labor Relations Board "over unfair labor practice proceedings." See Voilas v. GMC, 170 F.3d 367, 378 (3d Cir. 1999). The party asserting Garmon preemption "bears the burden of demonstrating that the challenged activity is arguably prohibited by the NLRA." See id. at 379.

Wilkes-Barre Hospital claims "Eaton alleges interference with her NLRA-protected rights" without further explanation. (See Doc. 6 at 10). The problem with the Hospital's argument is that Eaton's complaint is devoid of

any reference to the NLRA—most likely because she is not suing under this statute. Nor is she alleging any state-law claim that would warrant a Garmon preemption analysis. See Voilas, 170 F.3d at 373 (if state-law claim "is substantially dependent upon" CBA, it must be analyzed under LMRA or dismissed as preempted under Garmon (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985))). The Hospital has failed to meet its burden, and we readily conclude that Eaton's FLSA retaliation claim is not subject to Garmon preemption.

**B.    Merits**

Courts in this circuit analyze FLSA retaliation claims under the burden-shifting framework for Title VII claims. See Cononie v. Allegheny Gen. Hosp., 29 F. App'x 94, 95 (3d Cir. 2002) (nonprecedential); see also Preobrazhenskaya v. Mercy Hall Infirmary, 71 F. App'x 936, 939 (3d Cir. 2003) (nonprecedential) (citing Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997)). A plaintiff claiming retaliation under the FLSA "must show that (1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against her, and (3) there was a causal link between the plaintiff's protected action and the employer's adverse action." See Preobrazhenskaya, 71 F. App'x at 939 (citing Kachmar, 109 F.3d at 177). The Hospital challenges only the first element of Eaton's *prima facie* case.

The filing of an internal complaint may constitute protected activity if it is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a

8

call for their protection." Kasten, 563 U.S. at 14. Our court of appeals also permits recovery when retaliation "is based on the employer's mistaken belief" that the plaintiff engaged in such activity, even if she did not. See Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 571 (3d Cir. 2002) (citing Fogarty v. Boles, 121 F.3d 886, 891 (3d Cir. 1997); Brock v. Richardson, 812 F.2d 121, 125 (3d Cir. 1987)).

In the matter *sub judice*, Eaton alleges a single count against Wilkes-Barre Hospital, claiming it violated the FLSA's antiretaliation provision. (See Doc. 2 ¶¶ 8-15). Eaton straightforwardly alleges the following: (1) she formally filed a grievance with the Hospital regarding a purported FLSA violation; (2) two weeks later, the Hospital informed Eaton her complaint was "substantiated"; and (3) the Hospital simultaneously informed her that she would be permanently laid off. (See Doc. 2 ¶¶ 9-11). Eaton quite plainly accused her employer of violating the FLSA by stating her belief that its staffing policy was "in violation of the law under the Fair Labor Standards Act." (See Doc. 2, Ex. A). Her grievance is "sufficiently clear and detailed"—it references the FLSA twice and paraphrases a corresponding regulation. See Kasten, 563 U.S. at 14. Wilkes-Barre Hospital's argument that "Eaton's grievance does not allege a FLSA violation" is simply incorrect. (See Doc. 6 at 11).

By its briefing, Wilkes-Barre Hospital also seeks to litigate Eaton's underlying grievance, claiming the practice Eaton disputed is permitted by the FLSA. (See Doc. 6 at 11-12; Doc. 11 at 2-3). The Hospital's contention that it did not actually violate the FLSA has little bearing on Eaton's *prima facie* case. Our court of appeals admonishes us to interpret the FLSA "liberally," rather than "in a

9

narrow, grudging manner." See Brock, 812 F.2d at 124 (internal citation omitted). So long as the employer has "fair notice" of the employee's assertion of FLSA rights, no more is required. See Kasten, 563 U.S. at 14. At the pleading stage, we accept as true Eaton's well-pled allegations that she reported an FLSA violation and that Wilkes-Barre Hospital "substantiated" her complaint. (See Doc. 2 ¶¶ 9-11). Eaton's complaint need not prove that the Hospital *in fact* violated the FLSA under the first prong of her *prima facie* claim. We conclude that Eaton has stated a claim for retaliation under the FLSA.

## IV. Conclusion

We will deny Wilkes-Barre Hospital's motion (Doc. 5) to dismiss. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: May 11, 2021